UNITED STATES DISTRICT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MAURICE BAILEY,<br><br>       Plaintiff,<br><br>vs.<br><br>PRIDE MANUFACTURING COMPANY, LLC, a limited liability company organized under the laws of Wisconsin; SOFTSPIKES, LLC, a limited liability company organized under the laws of Delaware; MCMULLIN LABORATORIES, INC, d/b/a MCMULLIN LABS, an administratively dissolved corporation organized under the laws of Idaho; MICHAEL J. MCDONAGH, as statutory trustee for MCMULLIN LABORATORIES, INC; FARIS W. MCMULLIN, an individual; INOVIN, INC., an administratively dissolved corporation organized under the laws of Idaho; JAMISON ROSS SPENCER, an individual; JAMES MCMULLIN, an individual; CADWELL THERAPEUTICS, INC., a corporation organized under the laws of Wyoming; WAYNE H. JONES, an individual; NEW PHASE DEVELOPMENT, LLC, a limited liability company organized under the laws of Idaho; DUANE M. JOHNSON, an individual; and other as yet unknown John or Jane Does or unknown entities;<br><br>       Defendants. | Case No. 1:13-cv-00051-EJL<br><br><br>**MEMORANDUM DECISION AND ORDER** |

1

Before the Court in the above entitled matter are the Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) and Motion for Sanctions and the Plaintiff's Motions to Supplement. The parties have filed their responsive briefing and the matter is ripe for the Court's review. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motion shall be decided on the record before this Court without oral argument.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Maurice Bailey initiated this action against a number of Defendants seeking a declaration that he is the owner of certain property. (Dkt. 1.) Specifically, whether or not an Amended Default Judgment entered in a related bankruptcy proceeding quiets title to the subject property in Mr. Bailey's favor. The property in question is a number of golf cleat patents invented by Faris McMullin.[1]

---

[1] Pride Defendants refer to these patents as the "Golf Patents" and Plaintiff calls the patents contained in the Amended Default Judgment "Concealed Property." (Dkt. 38, 49.)

The related bankruptcy proceedings involved the case of an entity named ConectL Corporation (ConectL).[2] On January 31, 2007, ConectL filed a Chapter 11 Bankruptcy Petition (Case No. 07-00137-JDP) which was later converted to a Chapter 7 (Case No. 09-06008-JDP) and a Trustee, Gary L. Rainsdon, was appointed. On January 26, 2009, the Trustee filed an Adversary Proceeding Complaint against various defendants in that action including Mr. McMullin and three companies in which he was a majority equity owner: Anestel Corporation, formerly known as ConectL Test Corporation; Inovin, Inc., formerly known as Exact Research, Inc.; and R-Tech Corporation. (Dkt. 1, Ex. A.)[3] The Trustee's Complaint requested the turning over of certain documents, avoidance of fraudulent transfers, quiet title, and avoidance of preferences against the defendants as to sixteen specific patents and various trademarks. The Trustee's Complaint further alleged:

> Other specific and general schemes and artifices of transfers of property or debts by the Debtor to, or among the defendants, may exist and may be discovered in the discovery and investigatory process of this adversary proceeding. The Defendants are placed on notice that the Trustee seeks to avoid all such transfers and recover all such properties or value of the transfers for the benefit of the estate even though not specifically identified or known at this time. Such transfers may include creations of debt, transfers of cash, cash equivalent, stock or shares, property, intellectual property, payments made without consideration, obligations incurred for the benefit of others or any other such transfers to the defendants and/or John or Jane Does and other unknown Entities for less than reasonable equivalent value or for the purpose of concealment.

---

[2] ConectL Corporation was previously named Exact Research, Inc and Questec, Inc.

[3] There were other named defendants in the ConectL bankruptcy not listed here.

3

(Dkt. 1, Ex. A at ¶ 29.) Ultimately, on October 25, 2009, an Amended Default Judgment was entered against all defendants in the Adversary Proceeding which quieted title to patents and trademarks as specifically identified therein as well as avoidance of any and all claims of interest or ownership in and to patents, royalties, foreign patents, copyrights, trademarks, and license agreements by the listed corporations to those listed patents and trademarks. (Dkt. 1, Ex. B at ¶¶ 2, 3.) The Amended Default Judgment placed ownership of those properties in the bankruptcy estate of ConectL. On April 22, 2010, the Trustee assigned to Mr. Bailey all of the patents and judgments held by the bankruptcy estate of ConectL including those contained in the Amended Default Judgment. (Dkt. 1, Ex. C.)

Mr. Bailey filed an Adversary Proceeding in the United States Bankruptcy Court in this District (Case No. 12-06020-JDP) against these Defendants claiming the property at issue is owned by Mr. Bailey pursuant to the Amended Default Judgment. The Bankruptcy Court concluded that it lacked subject matter jurisdiction and the case was dismissed. Accordingly, Mr. Bailey then filed his Complaint in this matter pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 and Title 11 of the Bankruptcy Code raising the same claim.

Defendants Pride Manufacturing Company, LLC and Softspikes, LLC (collectively referred to as Pride Defendants) manufacture golf equipment, including golf

cleats that Mr. McMullin invented. Pride Defendants argue the golf cleats invented by Mr. McMullin were invented independent from his work for ConectL and the patents are separate and apart from those that are the subject of the Amended Default Judgment in the ConectL bankruptcy. Essentially, that the golf cleat patents are not a part of the ConectL bankruptcy estate. The Pride Defendants have now filed the instant Motion to Dismiss. (Dkt. 38.) The Pride Defendants have also filed a related Motion for Rule 11 Sanctions and Mr. Bailey has filed Motions to Supplement. (Dkt. 66, 77, 84.) These Motions are ripe for the Court's consideration and the Court finds as follows.

## DISCUSSION

1.  **Motions to Supplement**

Plaintiff filed two Motions to Supplement. (Dkt. 77, 84.) The materials sought to be supplemented relate to the Motion to Dismiss and Motion for Sanctions filed by the Pride Defendants. Plaintiff asserts the materials were not available to the Plaintiff until after the Motion to Dismiss had been filed and briefed. The Pride Defendants oppose the Motions to Supplement arguing the Motion to Dismiss should be based upon the sufficiency of the Complaint alone, the materials are extraneous and largely irrelevant and prejudicial to the Pride Defendants, and the supplemental materials amount to a motion to amend the Complaint. (Dkt. 85.) The Pride Defendants further argue the

materials raise new facts and theories for recovery after the briefing on the Motions was completed.

The Court has reviewed the parties briefing concerning the requested supplementation and denies the Motions to Supplement as to their consideration on the Motion to Dismiss. The question on the Motion to Dismiss concerns the sufficiency of the pleadings and, therefore, the supplemental materials are not relevant to that Motion. As to the Motion for Sanctions, however, the Court finds the supplemental material is appropriate for its consideration and will consider the same as to that Motion.

**2.      Motion to Dismiss**

The Pride Defendants have filed the instant Motion to Dismiss asserting several reasons why the Complaint should be dismissed including that the principles of preclusion does not apply and that the Amended Default Judgment is void, vague, and lacks subject matter jurisdiction. (Dkt. 38.) Plaintiff counters that the Motion should be denied because, taking the allegations to be true, the Complaint states plausible claims for relief. Specifically, that the Amended Default Judgment made the property the Pride Defendants claim ownership of part of the bankruptcy estate that was assigned to Plaintiff.

A motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a party's claim for relief. When considering such a motion, the Court's inquiry is whether the allegations in a pleading are sufficient under applicable pleading standards. Federal Rule of Civil Procedure 8(a) sets forth minimum pleading rules, requiring only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A motion to dismiss will only be granted if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). Although "we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949-50; *see also Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Therefore, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Caviness v. Horizon Comm. Learning Cent., Inc.*, 590 F.3d 806, 811-12 (9th Cir. 2010) (citation omitted).

The Complaint in this case contains one claim seeking declaratory relief interpreting the Amended Default Judgment to quiet title in the ConectL bankruptcy estate as to particular property relating, mainly, to patents for golf cleats. (Dkt. 1 at 12-13.) The Complaint points both to the Declaratory Judgment Act, 28 U.S.C. § 2201-2202, and Title 11 of the United States Bankruptcy Code §§ 542, 544, 548, 550 and Idaho Code §§ 55-906, 913, and 914. (Dkt. 1 at ¶ 1.)

The Declaratory Judgment Act provides that "[i]n a case or actual controversy ... any court of the United States ... may declare the rights and other legal relations of any interested party." 28 U.S.C. § 2201(a). Under the Declaratory Judgment Act, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). The "actual controversy" requirement is the same as the "case or controversy" requirement of Article III of the United States Constitution. *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir.1993). Thus, a cause of action for declaratory judgment under the Declaratory Judgment Act requires that both the plaintiff and the defendants be interested parties. 28 U.S.C. § 2201. The remedy is discretionary in nature and a district court may "stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995).

The Pride Defendants delineate seven independent reasons why the Amended Default Judgment is not preclusive against them and, therefore, the Complaint should be dismissed. (Dkt. 38 at 2.) The Pride Defendants assert the Plaintiff's ownership claim over the property at issue is precluded because the property was not included in the ConectL bankruptcy estate. (Dkt. 38 at 14) ("Simply stated, nothing in Trustee's Complaint or the Default Judgment has anything to do with the Pride Defendants or the Golf Patents.") The Plaintiff counters that the Amended Default Judgment was broad enough to encompass the property that the Pride Defendants claim to own. Plaintiff maintains that the Amended Default Judgment did quiet title to the property at issue even though it was not expressly listed because the adversary proceeding defendants concealed the property from the Bankruptcy Court. (Dkt. 49 at 3.) The Pride Defendants dispute this allegation arguing the Amended Default Judgment listed specific patents and trademarks that were totally unrelated to those claimed by the Pride Defendants.

The Court finds that at this stage the Complaint states a plausible claim for declaratory relief that the subject property in question was made a part of the ConectL bankruptcy estate in the Amended Default Judgment. The Complaint contains several allegations that several of the defendants in the ConectL bankruptcy case were hiding assets and transferring property. The Complaint goes on to allege the Trustee in that case was seeking to avoid all such transfers and recover all such properties or value for the benefit of the ConectL bankruptcy estate. (Dkt. 1 at ¶ 36.) As a result, the Complaint

states, the transfers of the property at issue in this case were avoided by the Amended Default Judgment with all rights and interests thereto quieted in the Trustee. (Dkt. 1 at ¶ 45, 46.) Taking these allegations as true, the Court finds the Plaintiff has stated a plausible claim that the Amended Default Judgment may have avoided any transfers of the property or assets that occurred at the time period in question among the many entities and individuals. Further, the parties here are in actual controversy as the Pride Defendants claim they have rightful ownership over the property contrary to the Plaintiff's claim of ownership arising by virtue of his assignment of the property in the ConectL bankruptcy estate.

The language of the Amended Default Judgment expressly avoids interests in and quiets title to the patents and trademarks as listed therein "related to but not limited to" (Dkt. 1, Ex. B.) The Pride Defendants argue the property at issue here, golf cleat patents, are unrelated to the electrical cord patents and trademarks that were the subject of the Amended Default Judgment. That determination is a question that must be made on a later motion. The question on this Motion to Dismiss goes to the sufficiency of the pleadings and the Complaint here has alleged facts that, if true, state plausible claims for declaratory relief.

The Pride Defendants argue preclusion does not apply here because they were neither parties nor in privy to any parties in the ConectL bankruptcy case and because the

Amended Default Judgment is too vague to serve as the basis for preclusion. (Dkt. 38.) The Pride Defendants further argue default judgments in this circuit are not given collateral estoppel effect. (Dkt. 38 at 9) (citing *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983)).[4] The question in this case, however, is not whether the Amended Default Judgment has preclusive effect over the Pride Defendants' ownership of certain patents and trademarks. Instead, the question raised in this action is who owns the property at issue or, stated differently, what property was owned by the ConectL bankruptcy estate and later assigned to Plaintiff.

The Pride Defendants also argue the Amended Default Judgment is void because prior to it being entered, Mr. McMullin filed his own Chapter 7 Bankruptcy which triggered the automatic stay as to Mr. McMullin when the Amended Default Judgment was entered. (Dkt. 38 at 12.) This argument may have some traction if, in his Chapter 7 Bankruptcy, Mr. McMullin claimed the same property interests in the patents at issue in this case. Whether that is the case is a question that cannot be resolved on this Motion to Dismiss at this stage of the proceeding. Whether Mr. McMullin's Chapter 7 Bankruptcy

---

[4]In *Gottheiner*, the Ninth Circuit recognized that one prerequisite to collateral estoppel is that the disputed issue must have been actually litigated in the prior proceeding. *Id.* Issue preclusion may apply to default judgments where the defaulted party actively participated in the litigation or had a reasonable opportunity to defend himself on the merits but declined to do so. *In re Daily*, 47 F.3d 365, 368 (9th Cir. 1995) (quotations and citations omitted). Again, the question here is not one of preclusion.

11

did apply to the same property and the stay was in effect at the time the Amended Default Judgment was entered are questions that must be determined on a later motion.

Based on the foregoing, the Court denies the Pride Defendant's Motion to Dismiss.

### 3. Motion for Sanctions

The Pride Defendants have filed a Motion for Sanctions asserting the Plaintiff's Complaint is "completely meritless and lacks any factual or legal basis." (Dkt. 66 at 2.) As such, they seek Rule 11 sanctions in the form of costs and fees incurred in preparing and prosecuting their Motion to Dismiss and supporting papers and briefs.

Rule 11 states that in presenting to the court a pleading, written motion, or other paper─whether by signing, filing, submitting, or later advocating it─an attorney certifies that "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(1) & (3).

In general, if the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction. *See* Fed. R. Civ. P. 11(c)(1). Sanctions under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct

by others similarly situated" and may include (1) nonmonetary directives; (2) an order to pay a penalty into court; or (3) if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation. Fed. R. Civ. P. 11(c)(4).

For the reasons stated above in the Court's ruling on the Motion to Dismiss, Plaintiff's Complaint states a plausible claim for relief and, as such, is not meritless or frivolous. The Motion for Sanctions is denied.

**4.      Motion to Amend**

Plaintiff has also filed a Motion to Amend Complaint asking that the original Complaint be amended to include additional patents which, Plaintiff alleges, fall within the scope of the underlying Amended Default Judgment. Specifically, the patents concerning the golf cleats and any foreign counterparts thereto which are the subject of the Pride Defendant's Motion to Dismiss. (Dkt. 89.) The Pride Defendant's oppose the Motion arguing the proposed amendments adding additional patents suffer from the same defects as those in the original Complaint and, therefore, any amendment is futile. (Dkt. 98.)

Federal Rule of Civil Procedure 15(a) provides that, once a responsive pleading has been served, a party may amend its pleading "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit Court of Appeals recognizes that "the underlying purpose of Rule 15 [is] to facilitate [a] decision on the merits, rather than on the pleadings or technicalities," and, therefore, "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *Chudacoff v. University Med. Cent. of Southern Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

The decision whether to grant or deny a motion to amend pursuant to Rule 15(a) rests in the sole discretion of the trial court. The four factors that are commonly used to determine the propriety of a motion for leave to amend are: 1) undue delay, bad faith or dilatory motive on the part of the movant; 2) repeated failure to cure deficiencies by amendments previously allowed; 3) undue prejudice to the opposing party by virtue of allowance of the amendment; and 4) futility of amendment. *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 n. 5 (9th Cir. 2011) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

However, "[t]hese factors . . . are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend." *Webb*, 655 F.2d at 979 ("The mere fact that an amendment is offered late in the case is . . . not enough to bar it."); *Bowles v.*

14

*Beade*, 198 F.3d 752, 758 (9th Cir. 1999). "Only where prejudice is shown or the movant acts in bad faith are courts protecting the judicial system or other litigants when they deny leave to amend a pleading." *Webb*, 655 F.2d at 980 (citation omitted). The Ninth Circuit has held that although all these factors are relevant to consider when ruling on a motion for leave to amend, the "crucial factor is the resulting prejudice to the opposing party." *Howey v. United States*, 481 F.2d 1187, 1189 (9th Cir. 1973). Indeed, prejudice is the touchstone of the inquiry under Rule 15(a). *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Ultimately, "[u]nless undue prejudice to the opposing party will result, a trial judge should ordinarily permit a party to amend its complaint." *Howey*, 481 F.2d at 1190.

The Court finds the request to amend the Complaint in this action is well taken. The proposed amendments to the Complaint add additional specificity to the claims alleged. Further, allowing such amendment is not prejudicial to the Defendants in this action because, as the Pride Defendants have pointed out, the Plaintiff "is not proposing new causes of action," "not adding a single additional allegation," "not introducing any new legal theories," but merely "proposing more of the same." (Dkt. 98 at 4.) As such, the Court will grant the Motion to Amend the Complaint and direct Plaintiff to file the proposed Amended Complaint in the Electronic Docket of this Case as a separate document entitled "Amended Complaint."

## **ORDER**

**NOW THEREFORE IT IS HEREBY ORDERED** as follows:

1) Defendants' Motion to Dismiss (Dkt. 38) is **DENIED**.

2) Defendants' Motion for Sanctions (Dkt. 66) is **DENIED**.

3) Plaintiff's Motions to Supplement (Dkt. 77, 84) are **GRANTED in part and DENIED in part** as stated herein.

4) Plaintiff's Motion to Amend (Dkt. 89) is **GRANTED**. Plaintiff shall file the proposed Amended Complaint on CM/ECF as a separate document entitled "Amended Complaint."

DATED: January 7, 2014

_____
Edward J. Lodge
United States District Judge